Bunting v. City of Greenville, IL. Party's ready on this? Mr. Runge, Mr. Alfeld. Nobody's here on RCS, I guess. Is that correct? Proceed, counsel. May I please report, Mr. Alfeld? This case arises out of an agreement that was made, dedication, actually, that was made between a property owner in 1940 and the state of Illinois, specifically the Department of Public Works and the Division of Highways. And the interest of the people who made that dedication was then conveyed to my client, Margaret Bunting, in 1940. And she, in turn, owned the piece, although the state had an easement for a public road, which was Highway 12 at that time, which is now Highway 40. The case basically turns on two or three things. One is the dedication of the right of way for the public road specifically sets up that it is for the purpose of 150 feet toward State 8-12 from the center line. And it describes the strip of land that she owned, which was immediately adjacent and part of this portion of the 150 feet. In that document, it says further that the Department of District officials having authority to public highways and its or their representatives, engineers, agents, contractors, employees are hereby authorized to enter onto and take full and complete possession of the track. That section is raised in a TARP agreement that was made between the city and the state for an entranceway onto Highway 40 that came over Mrs. Bunting's ground and was not specifically for the use of Highway 40 or Highway 12. So, at the time this thing was entered into, this property was not within the city limits. It was at the time that they encroached on her ground. The second common complaint in this case was for trespassers who were entering onto the premises without giving notice. If you look at that section of the dedication that gives the Department or its representatives, they have entered into this TARP agreement, which is non-authenticated as required by the statute. It was attached as an exhibit to the motion to dismiss, never authenticated. There was no testimony about it, and it says that the state and the City of Greenville are entering into this TARP agreement, which the City of Greenville therefore claims that they can't enter onto this property and do the construction work. The other part of it is that there's a 15-day requirement of notice. There is no evidence in this record anywhere that any notice was ever given to Mrs. Bunting. And if you read the complaint, she alleges that she found the road already on her property, or substantially on her property when she first learned about what was going on. The 15-day notice you're talking about is what's in the grant? Yeah. The original dedication says after notice they'll remove everything from that property. Well, yeah, it says specifically that they can do after the 15-day notice if they're in furtherance of what the dedication permits, and they can proceed. Yeah, it says the grantors agree that on 15-day's notice they'll remove any obstructions to proceedings of work on that property, right? Right. I mean, it doesn't actually say that there has to be 15-day's notice of the commencement of work. Well, I don't know if that's what it says. Yeah, but in order to do that, they've got to give a notice. Well, if there's no obstructions, then they wouldn't need to have them remove it. That's true, but they still have to give them a notice. Do you have it in front of you there, Brandon? I do. Okay, and tell me what part of it says they have to give a notice. And the grantors further, as a part of this dedication, agree to remove any and all fences, composures, buildings, and other obstructions from the above-described tract, and to completely vacate the same within 15 days, okay? She had some things on this property. She did. It was a small building. Okay. And what happened to that building? I mean, was the record reflected? It went away. Okay. Okay. What they did was they divided the property. The road went through the center of the property, and so they divided her property, and this building was on one half, and then the other half was essentially, a portion of it was essentially vacant, and the next portion after that had been deeded back by the state to her husband before he died, and it's a long and complicated process, but this section did not. Okay. Finally, we believe, and I think the law is, that when this dedication is made, the underlying key remains with this money, that the right to use it in connection with Federal Route 812 for the purposes of the highway is what the dedication was all about, and what the city did was apparently went to the state and got some money, and we don't, because the documents are not authenticated, we don't know that that's what happened, but it appears to be that way, and as a result of that, they claim under the state's right to proceed, and we think that's inappropriate, that it is, in fact, addressed. Thank you. Mr. Ruggie. Your Honors, 70 years ago, Philip and Grace Krueger dedicated a portion of their land in Bond County as right-of-way for public road purposes. Almost 30 years ago, the plaintiff, by quick-claim deed, acquired the Krueger property, including the property that was on the right-of-way for public road purposes. Including that portion of the property which was burdened with an easement for purposes of a public highway. Now, approximately four years ago, the Department of Transportation and the City of Greenville entered into an agreement in which a part of this dedicated right-of-way easement was utilized in the reconstruction of an intersection at U.S. Route 40. Now, U.S. Route 40 is the very same highway that is referred to in the dedication. In those days, it was called Federal 8th Route 12. Now, plaintiff's main argument is fairly simple. One, we have to determine the intent of the parties when they entered into this agreement. Secondly, plaintiff alleges that the intent was limited to the construction of F.A.P. or F.A.R. 12 or U.S. Route 43. That the intent was further to limit the use to the state of Illinois. Your Honor, as I laid out in the appellee's brief, there is no language contained within the dedication which is restrictive to U.S. Route 40 or Federal 8th Route 12. It is a general dedication for public road purposes. The reference that Mr. Runge made to Federal 8th Route 12 is descriptive, not limited. It actually, if you read that portion that he referred to moments ago, it is actually just describing the dedicated or easement right-of-way. It's not limited to that use. Furthermore, the plaintiff ignores the broad-brand authority which is conveyed here. That paragraph, the conclusion of the dedication which Mr. Stewart mentioned, says that the Department of Public Works and Buildings of the State of Illinois, that's DOT today, or any other state, county, township, or district officials having authority as to public highways and its or their representatives, engineers, agents, contractors, employers are hereby authorized to enter into and take full and complete possession of said tract. That authorization is so broad as to include the public officials of the City of Greenville in which this property is situated. As I laid out in the appellee's brief, a public highway could be a public street, it could be a public road. The purpose for which Greenville and the State of Illinois entered into this agreement was to improve that portion of Highway 40 at the intersection. It's even mentioned in the TARP agreement. As far as Mr. Runge's reference to, for the first time, to the 15-day notice, I believe that the court quite correctly constructed that as being a burden on the grantors to remove any and all fences, enclosures, buildings, or other obstructions upon 15-day notice. And if they don't remove it, well, the state or the City of Greenville is going to enter upon those premises and remove it themselves at grantor's costs. It's not a condition proceeding, they must give 15 days' written notice. The grant of the dedication and the easement has already been given. And they can act upon it at any time in which they so choose. Furthermore, by statute, the State of Illinois or the Department of Transportation can enter into agreements with other jurisdictions as far as transferring maintenance responsibilities, transferring jurisdictional responsibilities of highways to other public authorities. In this instance, there was a transfer involving the City of Greenville. Let me ask a question about the 15-day notice provision. Was a 15-day notice given? It's not in the record, but candidly, I do not believe so. And were there buildings that were of the grantor that were destroyed or whatever? This was vacant ground. It was all vacant ground? All vacant. So there were no obstructions to give notice about? No obstructions to give notice about whatsoever. Okay. All right. Finally, Your Honors, two things. Mr. Runge's argument with respect to the introduction of unverified evidence, I believe, first of all, the record is silent on that issue. The only reference in the court's order is that exhibits were admitted. It is not the appellee's burden to ensure that the record is complete. And therefore, Your Honors, must construe that in the light most favorable to the appellee in that since that is not in the record, you can't speculate as to whether it was raised. And if you would look at the two responses that the plaintiff filed to our motion to dismiss, never is that issue raised. Indeed, in both of the responses the plaintiff filed, the documents that the defendants entered into evidence were freely referred to. And finally, Your Honors, there are individuals named in this lawsuit, those being either elected or appointed public officials for the city of Greenville. Although the plaintiff says that she is appealing from two orders of the Third Judicial Circuit, wherein as a part of those orders, the individually named defendants were dismissed pursuant to the Tort Immunity Act, the plaintiff has essentially not challenged that ruling by the court, and certainly has not raised it in her appellate brief, and has not referenced any law with respect to the issue of the individual defendants. And we would argue that it's clear that that issue has been weighed for the purposes of this appeal. So the only issue for the court to decide, in our humble opinion, is whether the dedication is such that it's for general public road purposes, and to conclude that the city of Greenville is a part of the public, citizens of Greenville are citizens of the state of Illinois, and that they have the right to enter upon this publicly dedicated easement and utilize it for highway purposes in the reconstruction of an intersection at U.S. Route 40. And we believe that this court should affirm the Honorable Keith Jensen and his dismissal of the plaintiff's defendant. Thank you, Your Honors. Counsel, you have rebuttal. I want to look at this dedication document. At the top of it, it says, dedication of right-of-way for public road purposes. When you go to the 15-day portion of it, I'm sorry to disagree with my colleague, but there was a small building on the property. But more important than that, if you look at it, there's absolutely no reference to cities in that property. It talks about townships, which at the time of this was what that was, or their representatives, engineers, agents, contractors, employees, none of which apply to the things that are specifically set out in that paragraph. As to the unauthenticated documents, those documents were submitted attached to the motion to dismiss, and the judge didn't do anything with them at the time and put in his order that all parties and exhibits are admitted. Now, we all know that admitted doesn't mean that they're relevant or takes them for whatever he thinks they're worth, and he doesn't tell us what that is. But clearly, they're all in violation of the statute, unauthenticated documents, setting out this agreement, alleged agreement, between the city and the state. And the reason, well, never mind. So, on that basis, if you look at the dedication agreement, and look at what actually took place here, and look at the complaint, they never asked for a complaint, they filed a motion to dismiss it. So all the things in the complaint stand. Thank you. Gentlemen, thank you for your arguments. We'll take the matter under advisement and give it back to Mr. Charlotte.